IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03265-REB-KLM

MARCEL PREECE

   Plaintiff,

v.

SHERIFF JOHN COOKE,
UNDER SHERIFF JACK MCGRATH,
BUREAU CHIEF STERLING GEESAMAN,
COMMANDER MORGAN MAY, and
RICK DILL,

   Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Stay Discovery Pursuant to Fed.R.Civ.P. 26(c)(1) Pending Determination of Qualified Immunity and Subject Matter Jurisdiction** [#32][1] (the "Motion").  Plaintiff has not filed a response and his deadline to do so has elapsed.  Defendants ask the Court to stay discovery[2] in this case pending resolution of their pending Motion to Dismiss Plaintiff's Amended Complaint (ECF

_____

[1]  "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

[2]  The title of the Motion states that it seeks a stay of discovery.  *Motion* [#32] at 1.  However, in the conclusion of the Motion, Defendants "request that the Court stay all activity pending disposition of the Defendants' Motion to Dismiss . . . ."  *Id.* at 5.  At this stage in the case, a stay of discovery is effectively a stay of "all activity" in the case, therefore, the Court construes the Motion as requesting a stay of discovery.

No. 10) [#30] (the "Motion to Dismiss").  For the reasons set forth below, the Motion [#32] is **GRANTED**.

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).  Further, in their pending Motion to

Dismiss [#30], Defendants assert that they are entitled to qualified immunity.  *See Motion to Dismiss* [#30] at 8-10.

Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'"  *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted).  Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs.  *See id.* at 308, 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("the qualified immunity doctrine is [designed] . . . to permit the resolution of many insubstantial claims on summary judgment and to avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery . . . .") (internal quotation marks and citation omitted); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).  Qualified immunity "is [designed] . . . to permit the resolution of many insubstantial claims on summary judgment and to avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery . . . ."  *Mitchell*, 472 U.S. at 526.  "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  *Id.* (emphasis in original).  Accordingly, an order denying qualified immunity is immediately appealable.  *Id.* at 527.  The Court is obligated to "exercise its discretion so that officials

[properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, Plaintiff did not respond to the Motion and, therefore, it is unclear whether a stay would prejudice Plaintiff.  Without a response from Plaintiff, the Court cannot assume either that Plaintiff will be prejudiced by a stay or that a stay will not prejudice Plaintiff.  Therefore, the Court finds that the first *String Cheese Incident* factor does not weigh in favor or against a stay.  With regard to the second factor, it appears Defendants will not be burdened by a stay because they are seeking a stay.  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear which claims, if any, will move forward.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.  With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.  With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court and litigants serves this interest.  Thus, the fifth *String Cheese Incident* factor

4

weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#32] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of

Defendants' Motion to Dismiss [#30].

Dated:  June 9, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge