## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 13-cv-03265-REB-KLM

MARCEL PREECE

      Plaintiff,

v.

SHERIFF JOHN COOKE,
UNDERSHERIFF JACK MCGRATH,
BUREAU CHIEF STERLING GEESAMAN,
COMMANDER MORGAN MAY, and
RICK DILL,

      Defendants.

---

## ORDER RE:  RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#40],[1] filed October 22, 2014.  No objections having been filed to the recommendation, I review it only for plain error.  **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  I concur with the substance of the magistrate judge's recommendation regarding the viability of

---

[1]  "[#40]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2]  This standard pertains even though plaintiff is proceeding *pro se* in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.  In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

plaintiff's constitutional claims.  I disagree with her only insofar as she recommends that the dismissal of those claims under Rule 12(b)(6) be without prejudice.

The magistrate judge's recommendation is thorough and well-reasoned, and I see no reason to proffer a merely festooned reiteration of an analysis so ably done.  It is clear that plaintiff has failed to allege sufficient facts to implicate Undersheriff McGrath, Commander May, and Mr. Dill in his Eighth (or alternatively, Fourteenth)[3] Amendment claim, or to make Mr. Dill answerable to plaintiff's Fourteenth Amendment procedural due process claim.  Those claims thus are properly dismissed without prejudice pursuant to Rule 8.  *See Carbajal v. City and County of Denver*, 502 Fed. Appx. 715, 716 (10th Cir. Sept. 25, 2012), *cert. denied*, 134 S.Ct. 103 (2013).

I also concur with the magistrate judge that, with respect to the remaining claims, plaintiff has failed to allege facts sufficient to plausibly state viable claims to relief, and therefore that those claims must be dismissed under Rule 12(b)(6).  Yet I cannot concur with the magistrate judge's recommendation that these claims be dismissed without prejudice.  A dismissal under Rule 12(b)(6) is a determination on the merits.  *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3, 101 S.Ct. 2424, 2428 n.3, 69 L.Ed.2d 103 (1981), and presumptively is entered with prejudice, *see Higgins v. City of Tulsa, Oklahoma*, 103 Fed. Appx. 648, 651 (10th Cir. 2004).  This case does not present a scenario in which, although plaintiff has not alleged enough facts to state

---

[3] As the magistrate judge noted, it is not entirely clear whether, at the relevant time, plaintiff was a pretrial detainee – in which case his cruel and unusual punishment claim is properly brought under the Due Process Clause of the Fourteenth Amendment – or was instead a convicted prisoner – making the Eighth Amendment the relevant rubric for analyzing this claim.  *See Barrie v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990).  Nevertheless, the standards for analyzing both species of cruel and unusual punishment claims are identical.  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

a plausible claim, he might be able to replead to state a viable claim if the facts were made clearer or expanded in some way.  Instead, plaintiff's factual allegations – which are neither vague nor conclusory – fail to establish substantive violations of his constitutional rights.  The determination that those particular allegations fail to state viable constitutional claims under currently prevailing law clearly constitutes a determination on the merits.  Accordingly, dismissal of these claims must be with prejudice.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the **Recommendation of United States Magistrate Judge** [#40], filed October 22, 2014, is **APPROVED AND ADOPTED IN PART** as an order of this court, and respectfully, **REJECTED IN PART**, as follows:

      a.  That the recommendation, respectfully, is **REJECTED**, to the extent it recommends that plaintiff's claims for (1) cruel and unusual punishment against defendants Cooke and Gessaman; and (2) violation of procedural due process against defendants Cooke, McGrath, Gessaman, and May be dismissed without prejudice pursuant to Rule 12(b)(6); and

      b.  That is all other respects, the recommendation is **APPROVED AND ADOPTED** as an order of this court;

      2.  That, accordingly, **Defendants' Motion To Dismiss Plaintiff's Amended Complaint (ECF No. 10)** [#30], filed May 6, 2014, is **GRANTED**;

      3.  That the following claims are **DISMISSED WITHOUT PREJUDICE**:

a.  Plaintiff's claim under the Eighth (or alternatively, Fourteenth) Amendment for cruel and unusual punishment as against defendants McGrath, May, and Dill, in their individual and official capacities; and

b.  Plaintiff's claim under the Fourteenth Amendment for deprivation of procedural due process as against defendant Dill, in his individual and official capacities;

4.  That all other claims are **DISMISSED WITH PREJUDICE** as against all implicated defendants in their individual and official capacities;

5.  That judgment without prejudice **SHALL ENTER** as follows:

a.  On behalf of defendants, Undersheriff Jack McGrath; Commander Morgan May; and Rick Dill, in their individual and official capacities; and against plaintiff, Marcel Preece, as to plaintiff's claim under the Eighth (or alternatively, Fourteenth) Amendment for cruel and unusual punishment; and

b.  On behalf of defendant, Rick Dill, in his individual and official capacity, and against plaintiff, Marcel Preece, as to plaintiff's claim under the Fourteenth Amendment for deprivation of procedural due process; and

6.  That judgment with prejudice **SHALL ENTER** as follows:

a.  On behalf of defendants, Sheriff John Cooke and Bureau Chief Sterling Geesaman, in their individual and official capacities, and against plaintiff, Marcel Preece, as to plaintiff's claim under the Eighth (or alternatively, Fourteenth) Amendment for cruel and unusual punishment; and

4

b.  On behalf of defendants, Sheriff John Cooke; Undersheriff Jack

McGrath; Bureau Chief Sterling Geesaman; and Commander Morgan

May, in their individual and official capacities; and against plaintiff, Marcel

Preece, as to plaintiff's claim under the Fourteenth Amendment for

deprivation of procedural due process.

Dated November 17, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge